UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis Daniel Garcia,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Blayne Lehner, in his individual capacity<br>as an officer of the City of Minneapolis,<br>and the City of Minneapolis,<br><br>　　　　　　Defendants. | Civil No. 15-3214 (SRN/HB)<br><br>**PROTECTIVE ORDER** |

　　　　Pursuant to the Stipulation for Protective Order (ECF No. 12), entered into by the parties, seeking an order designating that certain information and documents may be disclosed only in designated ways,

　　　　**IT IS HEREBY ORDERED** that the Stipulation (ECF No. 12) is **ADOPTED**, as amended in paragraph 13 below, and confidential information shall be disclosed only in the following ways:

　　　　1.　　Defendant City of Minneapolis will make the following documents available to the Plaintiff's attorneys for inspection and copying:

　　　　　　a.　　Minneapolis Police Department Personnel files, excluding home addresses, home telephone numbers, personal physical identification data, drivers' license numbers, personal financial data, medical and psychological data, and Social Security numbers;

      b.      Minneapolis Police Department Internal Affairs records;

      c.      Minneapolis Civilian Review Authority and Office of Police Conduct Review records; and

2.    Plaintiff will make his medical records, including mental health records, available to Defendants' counsel, either through signed medical releases or for inspection and copying.

3.    The parties stipulate and agree to the production of these documents on the following terms and conditions:

      a.      The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents. The parties shall also have the right to further designate other documents or portions of documents as "Confidential." Disclosure of "Confidential" documents or information shall be limited to "qualified persons" as defined in subparagraph (d) below, not including the parties themselves.

      b.      Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d. below. The Confidential Materials shall not be disclosed to the Plaintiff or to any other person unless and until otherwise agreed by Defendants or by the Court hearing the action.

       It is expressly understood that the Plaintiff may not use Confidential Materials, or information derived from Confidential Materials, for any purpose or advantage other than the above-captioned litigation.

c. If counsel for the parties wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

    i. The Court (subject to the provisions of subparagraph f);

    ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

    iii. Court reporters employed in connection with any deposition in the action;

    iv. elected officials and management-level employees of the City of Minneapolis; and,

    v. Any other person who the parties agree to in writing.

e.   Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g herein.

f.   If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g.   If a party files documents containing Confidential information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of "Confidential" materials on a party opponent and the Court.  The parties understand that designation by a party, including a third party, of a document as "Confidential" pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion.  Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-

client privilege or work product doctrine; or they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G)) shall be filed under seal. If the party submitting a document produced and designated as "Confidential" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as Confidential" to permit the document to be publically filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing.  If the party designating the document as "Confidential" objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document should be

    filed under seal shall have the burden of proving that the document shall remain under seal.

  h. Nothing contained in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any third party witnesses, either during a deposition or a trial, provided that:

    i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

    ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and,

    iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials or any information derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

4. In the event that any Confidential Materials or information derived therefrom are used in court proceedings herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.

6. If a Party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, that Party shall give the Producing Party at least ten (10) days' notice before producing any such Confidential Materials.

7. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to the Producing Party. No Confidential Materials, or information derived from them, may be used for any other purpose other than for the above-captioned litigation.

8. The designation of any document, information, or thing as Confidential under this Order is for purposes of this Protective Order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Order. Nothing in this Protective Order shall render private documents or data that is public pursuant to Minn. Stat. Chapter 13.

9. In connection with any motion filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as Confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

10. With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or

hand delivered to all parties and hand delivered to the Court contemporaneously with the documents being posted on ECF.

11. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. The obligations imposed by the Protective Order shall survive the termination of this action. Following that 60-day period, the Clerk of Court may destroy all "Confidential" materials.

14. Plaintiff's counsel shall not use information provided pursuant to this Protective Order to solicit business for himself, or others.

Dated: October 9, 2015           s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge